DOA
02-12-20

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
F I L E D

**DEC 18 2019**

David J. Bradley, Clerk of Court

| | |
|---|---|
| United States of America | § |
| | § |
| v. | § |
| | § |
| PASCAL AYUK AYUKETTA | § |
| FRANKLINE BATE OKPU | § |
| WALTER OJONG LARCHE | § |
| EDWIN PANGNDAWOH MAPO | § |
| BISMARK ASHU | § |
| KADJI TANYI | § |
| MALCOLM MANYOR BALEBNA | § |
| LEONEL E. EKO | § |

Criminal No. H-19-   20-9068 MJ

19 CR 905

**Sealed**
Public and unofficial staff access
to this instrument are
prohibited by court order.

1 - BISMARK ASHU
2 - KADJI TANYI

**INDICTMENT**

THE GRAND JURY CHARGES THAT:

**COUNT ONE**
(Title 18 United States Code § 371)

**A.  Introduction**

1.   The Foreign Companies:

a.   Daesang Corporation (hereinafter "DAESANG") is one of South Korea's leading producers of consumer foods and food additives. Founded in 1956, DAESANG is located in Seoul, South Korea, and has been in business over 50 years.

b.   JY Globalfoods Company, Ltd. (hereinafter "JY") is a Korean trading company that acts as a bridge for international companies looking for Korean products or services and introduces foreign products to Korean and other Asian Markets.  JY also negotiates the sale of products from companies in the United States to companies in Korea. It has been in business since 2009 with offices located in Seoul, South Korea.

1

TRUE COPY I CERTIFY
ATTEST: 01.07.2020
DAVID J. BRADLEY, Clerk of Court
By
Deputy Clerk
15 pgs.



2.    The United States Companies

**The Real Company**

a.    Trinity Foods Inc. (hereinafter "Trinity") is a legitimate business entity located in San Diego, California. Although registered to do business in California, the company conducts business internationally.   Among other products, Trinity sells cattle and crop products, baked snacks, and a lactose free powdered milk beverage. The company has been in business for over 120 years.

**The Fake Company**

b.    Trinity Food Inc. (no "s" after the word Food) (hereinafter "TFOOD") is a fraudulent entity; a sole proprietorship owned and operated by Frankline Bate Okpu (hereinafter "OKPU").   TFOOD used website addresses to engage in false and fraudulent negotiations with legitimate businesses. On its website, www.trinityfoodinc.com, TFOOD claims that it was "founded to process the oilseeds grown in all regions of the North America and some Parts of Europe and importing from major Countries like, Russia and Ukraine, primarily in most region, with an investment of 24-billion-dollar investment in 2013-2014."   The website also stated that the company occupies "an area of 35,000 square meters, has a production capacity of 180,000 tons of oilseed processing with a team of 200 professional employees."   TFOOD claims that it has "invested over 4 million dollars in establishing one of the most advanced 5 laboratories in United States, Ireland and Mexico," with two business,locations; one in San Diego California and another in Calgary, Alberta, Canada.

c.    TFOOD conspirators used false names including "Juliet Vaquez", "Ray Morgan" and "Albert", to communicate with personnel at JY and DAESANG via email, WhatsApp

Messenger, and Skype.

### B. Object of the Conspiracy

From in or about May 2017, to in or about December 2017, in the Houston Division of Southern District of Texas and elsewhere,

PASCAL AYUK AYUKETTA,
FRANKLINE BATE OKPU,
WALTER OJONG LARCHE,
EDWIN PANGNDAWOH MAPO,
BISMARCK ASHU,
KADJI TANYI,
MALCOLM MANYOR BALEBNA, and
LEONEL K. EKO

defendants herein, did knowingly combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and in execution of said scheme and artifice, transmit and cause to be transmitted by means of wire in interstate commerce, writings, signs, signals, pictures and sounds for the purpose of executing said scheme or artifice to defraud in violation of Title 18, United States Code, Section 1343.

### C.   Purpose of the Conspiracy

3.     Scammers use a variety of schemes to obtain money from legitimate business entities by tricks and deception.   The "business email compromise" is a scheme that scammers use to target company employees who have access to company finances, tricking them into making monetary wire transfers into accounts controlled by the scammers.

4.     Using the "business email compromise," scammers utilize a number of techniques including "identity theft," "malware" and "email spoofing." In some instances, scammers sell

3

products to legitimate companies and induce employees to transfer money into bank accounts controlled by the scammers for payment of nonexistent products.   The scammers use company names and email addresses that are similar to those of real companies, but slightly different.   The slight differences usually go unnoticed by the victims. Employees of the victim companies are tricked into believing that they are buying products from a company they have done business with in the past; a "trusted vendor."

5.      JY discovered TFOOD online and initiated wire communications with the conspirators to obtain price quotes for food products on behalf of DAESANG.   The conspirators offered JY the lowest prices on the market so JY dealt with TFOOD exclusively and brokered the purchase of foodstuffs for DAESANG, specifically chicken feet and pork rectums to meet the demands for the upcoming 10-day holiday known as the Korean Moon Festival.

6.      TFOOD   conspirators   used   two   email   accounts   trinityfood79@gmail.com   and inquiry@trinityfoodline.com, as well as WhatsApp Messenger and Skype, to communicate with DAESANG. Using the internet, the conspirators sent two "Proforma Invoices" to DAESANG. The invoices direct DAESANG to wire transfer payments to Bank of America account ending in #5676.

### D. Manner and Means of the Conspiracy

7.      It was a part of the conspiracy that:

       a.      Conspirators known and unknown to the Grand Jury would and did create a website that falsely and fraudulently claimed that TFOOD was in the business of selling food products from locations in San Diego California and Calgary, Alberta, Canada.

       b.      Conspirators known and unknown to the Grand Jury would and did use email

4

accounts trinityfood79@gmail.com and inquiry@trinityfoodline.com, to falsely and fraudulent

induce persons acting on behalf of DAESANG to send money to TFOOD for the sale of

nonexistent food products. Conspirators identified themselves as Juliet Vaquez, Ray Morgan,

and Albert using emails, WhatsApp Messenger, and Skype to communicate with persons acting

on behalf of JY and DAESANG.

      c.       Conspirators known and unknown to the Grand Jury would and did open a

TFOOD bank account in Houston, Texas, and additional accounts in Houston, Miami, Florida,

and Laurel, Maryland, to receive payments from DAESANG and to transfer monies belonging to

DAESANG.

      d.       Conspirators known and unknown to the Grand Jury would and did convert

monies fraudulently obtained from DAESANG into cashier's checks and traveled from one state

to another to promote their fraudulent activities and hide the monies.

### E. OVERT ACTS

8.     In furtherance of the conspiracy, and to affect the objects thereof, the conspirators

performed and caused to be performed, among others, the overt acts described below:

      1.       On or about May 8, 2017, conspirators created an on-line IP website

www.trinityfoodinc.com describing TFOOD as a company occupying 35,000 square meters and

employing 200 employees in San Diego, California and Calgary, Alberta, Canada.

      2.       On or about June 30, 2017, a conspirator using the name Juliet Vaquez

sent an email message using inquiry@trinityfoodinc.com to JY personnel stating that TFOOD

could supply frozen chicken and pork food products to DAESANG.

     3.     On or about July 7, 2017, a conspirator using the name Juliet Vaquez sent an email message using inquiry@trinityfoodinc.com to JY personnel stating that TFOOD produces the products it sells, will provide samples, and can ship directly.

     4.     On or about August 4, 2017, defendant Edwin Pangndawoh Mapo, (hereinafter "MAPO"), opened an account at Regions Bank in Houston for Yembeh Group LLC., account ending in #9130.

     5.     On or about September 7, 2017, a conspirator using the name Juliet Vaquez sent a message via WhatsApp Messenger to JY personnel stating that TFOOD could begin loading product five days from the order being placed and could ship 21 to 27 days from loading.

     6.     On or about September 12, 2017, a conspirator using the name Juliet Vaquez sent an email message using inquiry@trinityfoodinc.com providing JY personnel with specifications and pictures of the product requested and advised JY personnel that TFOOD could begin loading food products five days from the order date and could ship within 21 to 27 days.

     7.     On or about September 14, 2017, a conspirator using the name Juliet Vaquez sent an email message using inquiry@trinityfoodinc.com providing JY personnel with business license numbers for chicken feet producers, a formal offer sheet, and TFOOD bank account information.

     8.     On or about September 15, 2017, defendant Malcolm Manyor Balebna (hereinafter "BALEBNA"), opened an account at First National Bank doing business as First Convenience Bank in Houston (hereinafter "FNB"), account ending in #1757.

9.      On or about September 19, 2017, a conspirator using the name Juliet Vaquez, sent an email message using inquiry@trinityfoodinc.com to JY with a copy of the sales agreement and requesting two wire transfers in the amounts of $128,250.00, and $598,400.00, to a BOA account in Bethesda, Maryland on behalf of Dorie Services, for the sale of food products.

10.      On or about September 21, 2017, defendant OKPU and Pascal Ayuk Ayuketta (hereinafter "AYUKETTA"), opened an account ending in #5676 for TFOOD at Bank of America (hereinafter "BOA"), in Houston, Texas, listing an address for TFOOD in Houston, Texas.

11.      On or about September 22, 2017, a conspirator sent JY a Sales Agent Ship Confirmation Letter, and "Proforma Invoices billing," using email inquiry@trinityfoodinc.com requesting two payments, one for $128,250.00 and the other for $598,400.00, for the purchase of food products payable to TFOOD's BOA account ending in #5676.

12.      On or about September 25, 2017, DAESANG sent a wire transfer of $598,380.00 to TFOOD BOA account ending in #5676 believing that the payment was for pork parts.

13.      On or about September 25, 2017, DAESANG sent a wire transfer of $128,228.00 to TFOOD BOA account ending in #5676 believing that the payment was for chicken parts.

14.      On or about September 26, 2017, OKPU made two cash withdrawals from BOA account ending in #5676 in the amounts of $95,000.00 and $90,000.00 and converted the cash he withdrew into two cashier's checks, one for $95,000.00 payable to MAPO as Yembeh

7

Group LLC, and one for $90,000.00 payable to defendant Walter Ojong Larche (hereinafter "LARCHE").

15.     On or about September 26, 2017, MAPO deposited a cashier's check for $95,000.00, payable to Yembeh Group, into Regions Business Bank account ending in #9130.

16.     On or about September 27, 2017, a conspirator using the name Juliet Vaquez advised JY via WhatsApp Messenger that TFOOD would be shipping its first order of food products on October 5, 2017.

17.     On or about September 27, 2017, OKPU withdrew $190,580.00 from BOA account ending in #5676 and converted the money into two cashier's checks, one for $94,000.00 payable to defendant Bismark Ashu (hereinafter "ASHU"), and the other for $96,580.00 payable to defendant Kadji Tanyi (Hereinafter "TANYI").

18.     On or about September 27, 2017, OKPU withdrew $8,700.00 in cash from BOA account ending in #5676.

19.     On or about September 28, 2017, a conspirator using the name Juliet Vaquez sent an email message using inquiry@trinityfoodinc.com providing JY personnel with pictures of the chicken parts for shipment to DAESANG and advised that loading and packing would be completed by October 5, 2017.

20.     On or about September 28, 2017, OKPU withdrew $9,650.00 in cash from BOA account ending #5676.

21.     On or about September 28, 2017, OKPU withdrew $192,000.00 from BOA account ending in #5676, and converted it into six cashier's checks, three for $40,000.00,

8

$35,000.00, and $20,000.00, payable to BALEBNA, and three for $45,000,00, $33,000.00, and $19,000.00, payable to Lionel E. Eko (hereinafter "EKO").

22. On or about September 28, 2017, OKPU purchased an American Airlines ticket for LARCHE that cost $147.80, to travel from Houston, Texas to Los Angeles, California.

23. On or about September 28, 2017, OKPU purchased an American Airlines ticket for ASHU that cost $287.20, for travel from Houston, Texas to Los Angeles, California.

24. On or about September 29, 2017, a conspirator using the name Juliet Vaquez confirmed using WhatsApp Messenger that the sales contract for pork and chicken parts was sent via e-mail trinityfood79@gmail.com. JY received the signed contract from this address.

25. On or about September 29, 2017, OKPU withdrew $9,000.00 from BOA account ending in #5676.

26. On or about September 29, 2017, LARCHE cashed a cashier's check for $90,000.00 at Canoga Park Check Cashier, in Los Angeles, California.

27 On or about September 29, 2017, EKO cashed a cashier's check for $19,000.00 at BOA in Houston, Texas.

28. On or about September 29, 2017, BALEBNA cashed a cashier's check for $20,000.00 at BOA in Houston, Texas.

29. On or about October 1, 2017, OKPU met ASHU at a Target store parking lot in Houston, Texas and handed him two cashier's checks, one for $94,000.00 payable to ASHU and the other for $96,580.00 payable to TANYI.

30.     On or about October 2, 2017, ASHU traveled from Houston, Texas, to Los Angeles, California where he met with TANYI and handed over a cashier's check for $96,580.00.

31.     On or about October 2, 2017, TANYI and ASHU went to Canoga Park Cashers in Los Angeles, California and attempted to cash two cashier's checks, one for $96,580.00 payable to TANYI and the other for $94,000.00 payable to ASHU.

32.     On or about October 3, 2017, a conspirator using the name Juliet Vaquez sent a message via WhatsApp Messenger to JY personnel advising that the shipping schedules for food products was delayed and that further details would be provided over the weekend between October 7 and 8, 2017.

33.     On or about October 3, 2017, TANYI and ASHU cashed a cashier's check for $96,580.00 at Canoga Park Check Cashers in Los Angles, California.

34.     On or about October 4, 2017, AYUKETTA told BALEBNA and EKO to cease attempts to cash checks in California and to return to Houston.

35.     On or about October 6, 2017, a conspirator using the name Juliet Vaquez sent a message via WhatsApp Messenger advising JY personnel that he would inform them about the shipping schedule on Monday, October 9, 2017.

36.     On between October 6, and October 31, 2017, MAPO made multiple withdraws totaling $75,450.00 from his Regions Business Bank account ending in #9130.

37.     On or about October 10, 2017, EKO went to Amscot Financial Services in Tampa, Florida and attempted to cash two cashier's checks for $45,000.00 and $33,000.00.

38.     On or about October 10, 2017, EKO opened a bank account ending in #4748 at Sun Trust Bank in Miami, Florida with a cashier's check for $45,000.00.

39.     On or about October 10, 2017, EKO opened a bank account ending in #4755 at Sun Trust Bank in Miami, Florida, with a cashier's check for $33,000.00.

40.     On or about October 10, 2017, LARCHE countersigned a cashier's check for $87,940.00 in the name of an unindicted coconspirator who in turn deposited it into a business account at PNC Bank of Maryland.

41.     On or about October 11, 2017, a conspirator using the name Albert advised personnel at DAESANG via Skype that the delay in shipment of food products was due to too many orders.

42.     On or about October 11, 2017, a person using the name Juliet Vaquez sent an e-mail message using inquiry@trinityfoodinc.com to JY personnel advising that DAESANG's frozen food order was being packed and readied for shipment on October 14, 2017 from Long Beach, California, and would be arriving in Busan, Korea on October 28, 2017.

43.     On or about October 12, 2017, BALEBNA deposited two TFOOD cashier's checks for $40,000.00 and $35,000.00 into his FNB account ending in #1757.

44.     On or between October 13, and 30, 2017, BALEBNA made five withdraws totaling $59,300.00 from his FNB account ending in #1757.

45.     On or about October 13, 2017, EKO withdrew $30,000.00 in cash from the Sun Trust Bank in Miami, Florida account ending in #4755.

11

46.     On or about October 16, 2017, EKO made three cash withdrawals in the amounts of $10,000.00, $15,000.00, and $10,000.00 from the Sun Trust Bank in Miami, Florida, account ending in #4748.

47.     On or between October 16, and 18, 2017, EKO made five withdraws totaling $45,000.00 from the Sun Trust Bank in Miami, Florida account ending in #4748.

48.     On or about November 29, 2017, a conspirator using the name Albert advised JY personnel using Skype that they were attempting to use European suppliers and that DAESANG should deposit an additional $50,000.00 in order to receive the full shipment of food products.

49.     On or about December 5, 2017, the remaining balance of $17,070.77 in the BOA account ending in #5676 was withdrawn and transferred to a Citi Bank account thereby closing the BOA account ending in #5676.

All in violation of Title 18, United States Code 371.

## COUNT 2
### (Conspiracy to Launder Funds - 18 U.S.C. §1956(h))

1.     The acts alleged and set forth in Count One of this Indictment are hereby re-alleged and incorporated as if fully set forth herein in Count Two of this Indictment.

2.     Beginning in or about May 2017, and continuing through at least December 2017, in the Houston Division of the Southern District of Texas, and elsewhere,

**PASCAL AYUK AYUKETTA,**
**FRANKLINE BATE OKPU,**
**WALTER OJONG LARCHE,**
**EDWIN PANGNDAWOH MAPO,**
**BISMARCK ASHU,**
**KADJI TANYI,**
**MALCOLM MANYOR BALEBNA, and**

12

## LEONEL K. EKO

defendants herein, together with other persons known and unknown to the grand jury, did unlawfully and knowingly combine, conspire, confederate, and agree with each other and with others, to conduct financial transactions which involved proceeds of a specified unlawful activity, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, that is, acts chargeable as wire fraud under Title 18, U.S.C. §1343, and knowing that the transactions were designed in whole or in part to promote the carrying on of such specified unlawful activity, and to conceal and disguise the nature, source, ownership and control of the proceeds of specified unlawful activity, all in violation of Title 18, United States Code, Section 1956(a)(1)(A)(I) and (B)(I).

### COUNTS 3-4
### (WIRE FRAUD – 18 U.S.C. §1343)

1.     The acts alleged and set forth in Count One of this Indictment are hereby re-alleged and incorporated as if fully set forth herein in Counts Three and Four of this Indictment.

2.     From on in about May 2017 until in or about December 2017, in the Houston Division of Southern District of Texas and elsewhere,

**PASCAL AYUK AYUKETTA**
**FRANKLINE BATE OKPU**
**WALTER OJONG LARCHE**
**EDWIN PANGNDAWOH MAPO**
**BISMARCK ASHU**
**KADJI TANYI,**
**MALCOLM MANYOR BALEBNA, and**
**LEONEL K. EKO**

defendants herein, aided and abetted by each other and others known and unknown to the grand jury, did knowingly devise and intend to devise a scheme and artifice to defraud, and for obtaining

13

money by means of false and fraudulent pretenses, and in the execution of said scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communications in interstate or foreign commerce, writings, signs, signals, pictures, or sounds, as more fully set forth in the counts below, as follows:

| COUNT | DATE | AMOUNT OF WIRE TRANSFER | VICTIM |
|-------|------|--------------------------|--------|
| THREE | September 22, 2017 | $598,380.00 | DAESANG |
| FOUR | September 22, 2017 | $128,228.00 | DAESANG |

In violation of Title 18, United States Code, Sections 1343 and 2.

## NOTICE OF CRIMINAL FORFEITURE
28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C)

Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to

**PASCAL AYUK AYUKETTA**
**FRANKLINE BATE OKPU**
**WALTER OJONG LARCHE**
**EDWIN PANGNDAWOH MAPO**
**BISMARCK ASHU**
**KADJI TANYI,**
**MALCOLM MANYOR BALEBNA, and**
**LEONEL K. EKO**

defendants herein, that in the event of conviction of the offenses charged in Counts One through Four of this Indictment, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

14

## NOTICE OF CRIMINAL FORFEITURE
### 18 U.S.C. § 982(a)(6)(A)

Pursuant to Title 18, United States Code, Section 982(a)(6)(A), the United States gives notice that in the event of the Defendants' conviction of any of the offenses charged in Counts Three and Four of this Indictment, the United States intends to seek forfeiture of any conveyance used in the commission of the offense; any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained from the commission of the offense; and any property, real or personal, that is used to facilitate, or is intended to be used to facilitate, the commission of the offense.

### Money Judgment

Defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

### Substitute Assets

Defendants are notified that in the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the defendants up to the total value of the property subject to forfeiture.

TRUE BILL:

ORIGINAL SIGNATURE ON FILE
FOREPERSON OF THE GRAND JURY

Ryan K. Patrick
United States Attorney

By:

Edward F. Gallagher
Assistant United States Attorney

15

AO 442 (Rev. 11/11)  Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.  4:19-cr-905 |
| Bismarck Ashu | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant* | ) | |

Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order.

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*     Bismarck Ashu                                                                ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☐ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

Count 1: 18 USC Sec 371     Conspiracy to Commit Wire Fraud
Count 2: 18 USC Sec 1956(h)  Conspiracy to Launder Funds
Cts  3-4: 18 USC Sec 1343     Wire Fraud

Date:     12/20/2019

*Issuing officer's signature*

City and state:     Houston, Texas

T. Hanniable, Deputy Clerk
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____ |
| *Arresting officer's signature* |
| *Printed name and title* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| v. | § § § | CRIMINAL NO: |
| BISMARCK ASHU | § § § § § § § § § § § | **19 CR 905** |

```
┌─────────────────────────────┐
│          Sealed             │
│ Public and unofficial staff access │
│   to this instrument are    │
│ prohibited by court order.  │
└─────────────────────────────┘
```

## ORDER FOR ISSUANCE OF BENCH WARRANT

A ___CRIMINAL INDICTMENT___ has been returned against the defendant listed below.

It is ORDERED that a warrant be issued for the arrest of said defendant. Upon arrest and appearance, a judicial determination shall be made as to detention or release on conditions. The United States Government recommends to the Court the following:

Defendant

BISMARCK ASHU

☑ DETENTION

☐ RELEASED ON CONDITIONS

☐ APPEARANCE BOND IN THE
AMOUNT OF: $

SIGNED at Houston, Texas, on ___December 18___, 20 __19__.

_____
UNITED STATES MAGISTRATE JUDGE

AO 442 (Rev. 11/11)  Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No.  4:19-cr-905 |
| Kadji Tanyi | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**ARREST WARRANT**

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*    Kadji Tanyi

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

Count 1: 18 USC Sec 371      Conspiracy to Commit Wire Fraud
Count 2: 18 USC Sec 1956(h)  Conspiracy to Launder Funds
Cts  3-4: 18 USC Sec 1343      Wire Fraud

Date:      12/20/2019

*Issuing officer's signature*

City and state:     Houston, Texas

T. Hanniable, Deputy Clerk
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____ |
| *Arresting officer's signature* |
| *Printed name and title* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA

v.

KADJI TANYI

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

CRIMINAL NO:

19 CR 705

**Sealed**
Public and unofficial staff access
to this instrument are
prohibited by court order.

## ORDER FOR ISSUANCE OF BENCH WARRANT

A ___CRIMINAL INDICTMENT___ has been returned against the defendant listed

below.

It is ORDERED that a warrant be issued for the arrest of said defendant.  Upon arrest and

appearance, a judicial determination shall be made as to detention or release on conditions.  The

United States Government recommends to the Court the following:

Defendant

KADJI TANYI

☑ DETENTION

☐ RELEASED ON CONDITIONS

☐ APPEARANCE BOND IN THE
AMOUNT OF: $

SIGNED at Houston, Texas, on ___December 18___, 20_14_ .

_____
UNITED STATES MAGISTRATE JUDGE